JAMES RAGLAND v. THOS. S. RAGLAND.

AUG. TERM,
1837.

James Ragland
v.
Thos. S. Ragland.

In an action of debt by an assignee, where the pleas are non est factum, payment and off-set, the assignment is not put in issue and need not be proved.

*U. Wright* for appellant:

This was an action of debt, brought by Thomas Ragland, in the Monroe circuit court, as assignee of Nathaniel Ragland, against James Ragland, on a bond, executed by said James to said Nathaniel. Pleas, non est factum, without affidavit, payment and off-set. Before the trial of the cause, on the third day of the term, the defendant moved the court to suppress certain depositions taken by the plaintiff and filed in the cause.

1. Because the commission for the same, having been issued in term time, interrogatories were not prepared and annexed to the commission, nor the evidence taken by them pursuant to the *statute regulating commissions* in term time.

2. Because the commission issued in the case of Thos. S. Ragland, assignee of N. Ragland, against defendant, and the depositions are taken in a different suit of Thos. Ragland in his own right against defendant.

3. Because there was no sufficient legal notice of the taking of said depositions served upon the defendant.

4. Because the depositions are not in other respects regular, or legal, and properly authenticated or certified. Which motion was overruled by the court, and exceptions taken by defendant. The commission, notice, and depositions, are preserved in the bill of exceptions. The first will be found on page 13 of the record. The second on page 14, and the depositions on page 15, &c.

The cause proceeded to trial, when the plaintiff opened evidence to prove the assignment of the bond to him by Nathaniel Ragland, and for this purpose examined witnesses, and introduced the depositions of James Simpson and the clerk of the court; to the sufficiency of which evidence the defendant objected; but the court overruled the objection, and permitted the assignment to be read in evidence to the jury; to which opinion of the court the defendant likewise excepted.

After the argument of the cause, the plaintiff moved the court to instruct the jury, that the question of the assignment was not before them; which instruction the court gave; to which opinion of the court the defendant also excepted.

Verdict and judgment were had by plaintiff, and the defendant brings the cause to this court by appeal.

AUG. TERM, 1837.

James Ragland
v.
Thos. S. Ragland.

The questions which arise for the determination of this court are:

1. Did the court err in refusing to suppress the depositions of plaintiff?

2. Did it err in permitting the assignment to be read to the jury?

3. Did it err in instructing the jury that the question of the assignment was not before them?

Upon the first point I insist:

1. That interrogatories should have been filed under the instruction of the court, and that evidence could only be taken through them.

2. That there is a variance between the cause set out in the commission, and that in which the depositions are taken.

3. That the notice is bad, for two reasons: 1. It is not a notice *in the cause;* and, 2. If it were, it is uncertain in the most important part of a notice, to wit, the *time* at which the depositions are to be taken. It is dated "July, 1837," and informs the defendant that the depositions will be taken "on the 25th day of May next." This can only be a good notice to take in May, 1838. It will perhaps be said that the sheriff's return of the period *when he delivered* a copy of the notice removes the objection. But I insist, first, that the sheriff's return has nothing to do with the question; and, second, if it has, it only confuses the time of taking the depositions.

The objection to the sufficiency of proof of the assignment rests upon the want of identification of the instrument. A witness in Kentucky swears that there is a bond before him that has an assignment on the back; and he says that assignment is in the handwriting of N. Ragland, as he believes. If this witness had been called to prove the assignment in court, no difficulty could have arisen as to the identity of the bond. His eyes must have rested on the paper. If his testimony is taken elsewhere, the court should be satisfied beyond all possibility [of a doubt] that the instrument sued on is before the witness.

The assignment is usually proved by the handwriting of the assignor; and that is, from the necessity of the case, established by testimony loose and indefinite; being only the *belief* of the witness. If, to this character of evidence, there be added uncertainty as to the paper or

AUG. TERM,  signature spoken of, the evidence becomes too uncertain
    1837.   and indefinite for judicial accuracy.

James Ragland      This being a point of practice, I have found the books
    v.      rather silent upon it.  I know, however, that it was a
Thos. S. Ragland.  standing rule in the district chancery court which sat in
Fredericksbug, Va., to reject from every deposition all
testimony that referred to a signature or paper, unless
the paper or signature was attached, by wafers or other-
wise, to the deposition, and referred to, as attached, by
the witness.

*Heard*, for appellee:

I will notice these objections in their order; and first,
that no interrogatories were fi'ed.  By reference to the
Digest, page 220, it will be seen that two modes of
taking depositions are authorised.  The first is the usual
mode, by suing out of the court, in term time, or from
the office of the clerk in vacation, a dedimus, and giving
the adverse party notice of the time and place of taking
the depositions; and in this case the commission is di-
rected to some officer authorised to take the depositions.
Under this portion of the statute the depositions were
taken.  But depositions may, in some cases, be taken in
a different manner, and to this portion of the statute
my friend is indebted for his notions about interrogato-
ries.  By the 9th section of the act concerning deposi-
tions, it is provided, "if any party to a suit in this State
shall make application to the court, in term time, for a
commission to take the depositions of witnesses, and
shall support such application by affidavit, and shall have
given to the adverse party reasonable notice of such ap-
plication, the court shall, upon such terms as it shall
think proper, award such commission."  In proceeding
under this section to take the examination of witnesses,
the law makes it necessary to file interrogatories, but in
no other case.

The second objection is, that the commission is sent
out in the name of plaintiff, assignee, and the deposi-
tions are taken in the name of the plaintiff in his *individ-
ual* capacity.  I apprehend that the record shows a suit
of the plaintiff in his individual capacity, although he is
the assignee of the bond sued on.  The assignment is an
immaterial description of the plaintiff, given by the clerk,
and might have been omitted.

Again; admit that the depositions were taken in a dif-
ferent suit, it has been decided that depositions in a dif-
ferent suit between the same parties can be read.  But I

will pass to the third objection, and that is, that there is no notice of the time and place of taking the depositions. The notice returned is in the usual form, but bears no date on its face. It states the plaintiff will, on the 25th day of *May next*, take depositions; the sheriff, on the back of the notice, states in his return that he delivered a copy, &c., on the 11th day of *April*, 1837.

It is clearly a matter about which the defendant has no concern at what time the notice was written; it can only take effect from the time he is served with a copy; and that time appears by the return of the sheriff, the only p ace it could appear.

At the trial of the cause, the plaintiff read the assignment of the bond sued on to the jury, without proving it; and the court instructed the jury that the assignment of the bond was not before them.

The assignment of the bond was not put in issue by the defendant, and it becomes unnecessary to introduce any testimony about it—see Starkie on Evi. part 4, 74. These are, I believe, the only points raised by the opposite party.

EDWARDS, Judge, delivered the opinion of the court.

This was an action of debt, brought by Thomas S. Ragland, as assignee of Nathaniel Ragland, against James Ragland. Pleas, *non est factum*, payment and off-set. Verdict and judgment for plaintiff—appellee here.

On the trial of this cause, the defendant moved the court to suppress certain depositions taken by the plaintiff and filed in the cause. The court overruled the motion, and this is assigned for error.

The only effect of the depositions was to prove the assignment from Nathaniel Ragland to Thomas S. Ragland. The assignment was a matter not put in issue by the pleadings, and therefore unnecessary to be proved. The instruction given by the court to the jury, that the question of assignment was not before them, was correctly given; this judgment is therefore affirmed.

In an action of debt by an assignee, where the factum, payment and off-set, the assignment is not put in issue and need not be proved.